DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 2 7 2016

RICK WARREN
COURT CLERK
34_____

| | | |
|---|---|---|
| NANA OMARI & BILLY OMARI, | ) | |
| | ) | |
| vs. | ) | Case No.: CJ-2016-2702 |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | |
| INC., a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COME NOW the Plaintiffs, Nana Omari and Billy Omari, by and through their undersigned counsel, Scott L. Tully of The Tully Law Firm, and for their cause of action against Defendant, state as follows:

1. The Plaintiffs are citizens and residents of Oklahoma County, State of Oklahoma.

2. The Defendant, Farmers Insurance Company, Inc., is an insurance company with its principal place of business in Shawnee Mission, KS, and regularly does business in the State of Oklahoma.

3. Venue is proper with this Court as all events giving rise to the causes of action contained herein occurred in Oklahoma County, State of Oklahoma.

4. Plaintiffs applied for, and purchased, a homeowner insurance policy from Defendant prior to their loss on March 25, 2015.

5. Defendant issued policy number 93396-98-23 to Plaintiffs, which provides certain benefits in the event of a homeowners loss, including loss resulting from wind damage.

6. Immediately following the loss on March 25, 2015, Plaintiffs filed the requisite paperwork, and notified Defendant of the loss to collect the proceeds and benefits due and under the homeowner policy issued by Defendant.

7. Upon making presentation of the claim, Defendant failed to fully pay benefits due and owing under the policy and eventually denied portions of the claim.

8. On August 25, 2015, and subsequent dates, counsel for Plaintiffs provided a letter to Defendant requesting all information regarding the handling of the claim, including all correspondence to and from, Plaintiff's and any of their representatives.

9. Defendant, through its agents and representatives, has failed to comply with the requests of Plaintiff's counsel, although the requests were not privileged, nor proprietary in any manner.

10. Plaintiff's counsel made repeated requests for said information to be able to thoroughly access the conduct of Defendant in handling this matter.

11. Defendant has failed to supply the information in total that has been requested by its own insureds through counsel.

## COUNT I:  BREACH OF CONTRACT

12. Plaintiffs reassert and restate the allegations set forth in paragraphs 1-11 as if fully set forth herein.

13. Plaintiffs allege Defendant improperly breached the insurance contract by failing to fully pay benefits due thereunder and denying portions of the claim.

14. Plaintiffs have suffered economic and emotional damages as a result of this breach of contract.

## COUNT II: BAD FAITH AND BREACH OF THE DUTY OF GOOD FAITH CLAIM HANDLING

15. Plaintiffs reassert and restate the allegations set forth in paragraphs 1-14 as if fully set forth herein.

16. The improper refusal to pay policy benefits and failure to properly and thoroughly investigate Plaintiffs' claim by Defendant exhibits a lack of good faith claims handling.

17. The refusal to pay policy benefits by Defendant exhibits bad faith claims handling conduct contrary to the laws of Oklahoma.

## COUNT III: NEGLIGENCE AND GROSS NEGLIGENCE

18. Plaintiffs reassert and restate the allegations set forth in paragraphs 1-17 as if fully set forth herein.

19. Defendant was negligent, and grossly negligent, in the claims handling process and investigation of Plaintiffs' claim submitted under Plaintiffs' homeowner insurance policy.

20. Defendant's negligence led to the improper denial of policy benefits, and failure to pay in full.

21. Defendant's negligence was of such a nature and quality and was done with such carelessness so as to be willful, wanton and with reckless disregard of the contractual rights of Plaintiff and obligations of Defendant.

WHEREFORE, premises considered, Plaintiffs respectfully request this Court grant Plaintiffs judgment for all policy benefits together with punitive damages in excess of $75,000.00, along with any other such further relief as the Court deems just and reasonable including, but not limited to, reasonable attorney fees and costs and all other relief of any type or nature to which Plaintiffs may be entitled.

Respectfully submitted,

Scott L. Tully    OBA#13606
P.O. Box 2141
Broken Arrow, OK 74011
(918) 872-8800
(866) 224-2303  Fax
tullylawfirm@gmail.com

ATTORNEY LIEN CLAIMED